UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GREG HILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-CV-2039 |
| | ) |
| STATE OF ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

On February 13, 2015, Plaintiff, Greg Hill, submitted a pro se Complaint (#1) to this court. The pro se Complaint lists the State of Illinois and 24 individuals as Defendants. The named Defendants are Judges, Justices of the Illinois Supreme Court, prosecutors and other state and local officials. Plaintiff alleged a wide-ranging but essentially unspecified conspiracy to violate his constitutional rights. Although he listed a mailing address in Robinson, Illinois, Plaintiff stated that "technically I am a prisoner in Illinois." Plaintiff also filed a letter (#2) asking the court to "Please provide immediate injunctive relief if that means <u>stop</u> <u>them</u>." (Emphasis in original.) Plaintiff referred to a hearing scheduled on February 19, in Crawford County case 14-CM-118, *People v. Hill*, but provided no further details. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis (#3) and a Motion for the Appointment of Counsel (#4).

An indigent plaintiff in a civil rights action may apply to proceed without prepayment of fees under 28 U.S.C. § 1915(a). *See Hyre v. Univ. of Ill.*, 17 F. Supp. 2d 813, 814 (C.D. Ill. 1998). Under 28 U.S.C. § 1915(e)(2)(B), however, the complaint must be screened by the court and dismissed if it is legally frivolous, malicious, fails to state a

claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. *Bern v. Olsen*, 2010 WL 3910227, at *1 (W.D. Wis. 2010); *see also Hyre*, 17 F. Supp. 2d at 814. An action is frivolous if it "lacks an arguable basis either in law or in fact." *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Hofelich v. United States*, 2006 WL 3841812, at *2 (S.D. Ill. 2006).

This court recognizes that it must construe pro se complaints liberally. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Hofelich*, 2006 WL 3841812, at *2. However, as noted, Plaintiff's pro se Complaint (#1) alleged a conspiracy against him involving Illinois Supreme Court Justices and many other state and local officials. Suffice it to say that Plaintiff's vague allegations are highly implausible. *See Leadbetter v. Parkview Hosp.*, 2010 WL 4168442, at *1 (N.D. Ill. 2010) (plaintiffs made implausible claims of government conspiracies against them). After careful consideration, this court concludes that Plaintiff's pro se Complaint is entirely frivolous and fails to state a claim on which relief may be granted. This court additionally notes that, to the extent that Plaintiff is seeking to have this court interfere in a pending criminal prosecution, it is subject to abstention pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Accordingly, this court must dismiss this case under 28 U.S.C. § 1915(e)(2)(B) and deny Plaintiff's motion to proceed in forma pauperis. *See Hyre*, 17 F. Supp. 2d at 815; *see also Hofelich*, 2006 WL 3841812, at *2-3.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to Proceed in Forma Pauperis (#3) is DENIED.

(2) Plaintiff's pro se Complaint (#1) is dismissed under 28 U.S.C. § 1915(e)(2)(B).

(3) Plaintiff's Motion for Appointment of Counsel (#4) is MOOT.

(4) This case is terminated.

ENTERED this 23rd day of February, 2015.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE